Cardell HAYNES, Appellant,

v.

The STATE of Texas, Appellee.

No. 44009.

Court of Criminal Appeals of Texas.

May 19, 1971.

Terry E. Stork, Austin, for appellant.

Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This is an appeal from a conviction for assault with intent to murder with malice.

The appellant seeks to abate this appeal.

The indictment which alleged the offense occurred "on or about the 30th day of July A.D. 1966" was returned on March 10, 1967. At the bifurcated trial which commenced on April 10, 1967, the punishment of 10 years was assessed by the court following a verdict of guilty. On April 11, 1967, the appellant, having waived the time in which to file a motion for new trial, was sentenced. Notice of appeal was given on April 17, 1967.

On June 9, 1967, the appellant by his retained counsel designated that the appellate record should include a transcription of the court reporter's notes (statement of facts). The record contains a letter from the clerk dated July 17, 1967, notifying appellant's counsel the appellate record was "ready" except for the transcription of the court reporter's notes. The letter suggested the court reporter be contacted. See Article 40.09, Sec. 5, Vernon's Ann.C.C.P. (Responsibility for obtaining transcription of reporter's notes).

For reasons unrevealed by this record, no further action was taken until January 11, 1971, when the appellant was duly notified after an incredible period of almost three and one-half years of the completion of the record (sans a transcription of the court reporter's notes). On the same date the record was erroneously and prematurely forwarded to this court. It was immediately returned.

On January 29, 1971, the record was approved by the trial judge without objection. See Article 40.09, Sec. 7, supra. Thereafter, the time for filing the appellate brief in the trial court expired without any brief being filed by the appellant or any request for an extension of time.

By motion filed in this court, the appellant seeks only to abate the appeal contending that he has not received notice of completion of the record in accordance with Article 40.09, Sec. 7, supra. The record clearly reflects appellant's counsel was notified by certified mail on January 11, 1971, of the record's completion. He appears to

take the position that the premature transmittal of the record on the same date nullified such notice, since he was not notified that the record had been returned to the trial court. We do not agree.

It is further observed that the appellant, by his motion, does not inform this court what objections he would make to the record if the appeal was abated and another notice of completion was given.

■ Finding no grounds of error set forth in a brief filed in the trial court as required by Article 40.09, Sec. 9, supra, we have nevertheless examined the record and find nothing contained therein which we should consider as unassigned error under Section 13 of Article 40.09, supra.

No pauper's oath having been filed and no question based on indigency being raised, the judgment is affirmed.